# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamail J. Hogan, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09-2203 (RLW) ) ) |
| United States Department of Justice, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff, a federal prisoner, challenges the response of the Department of Justice's Executive Office for United States Attorneys ("EOUSA") to his request for records pertaining to his criminal prosecution. Defendant, having released responsive records, moves for summary judgment under Federal Rule of Civil Procedure 56. Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part defendant's motion.

## I. BACKGROUND

By letter dated April 19, 2009, plaintiff requested the following records from EOUSA: "(1) arrest records, (2) investigation and/or investigatory reports, (3) reports or evidentiary and/or scientific information findings, (4) warrants, and/or detainers, (5) final and closing investigation reports; and (6) any and /or all information, data, or reports not otherwise exempt . . . ." In addition, plaintiff wrote as a "Specific Request" "written

aurthorzation [sic] from the assitance [sic] Attorney General for indictment, criminal complaint, affidavit, arrest warrent [sic], [and] a copy of my indictment, criminal complaint, affidavit, and arrest warrant." Decl. of David Luczynski ("Luczynski Decl.") [ECF No. 11-1], Ex. A. By letter of May 14, 2009, EOUSA informed plaintiff that prior to processing his request, he would need to provide a notarized example of his signature or a certificate of identity. It also informed plaintiff that because U.S. Attorney files and records "are maintained in over one hundred separate offices," he should "identify the specific [offices] where you believe records may be located. This would be primarily the district(s) in which a prosecution . . . occurred." *Id.* ¶ 5 & Ex. B at 1. The letter further advised plaintiff that it constituted the agency's final action, that he should file a new request after "correct[ing] the above deficiencies," and that he could appeal the determination to the Office of Information Policy ("OIP"). *Id.* at 2.

On June 4, 2009, EOUSA received a letter from plaintiff dated March 25, 2009, in which he stated that he was prosecuted in the Middle District of Florida, Tampa Division, by "James Muench." Plaintiff listed the "specific information" sought as: (1) "a copy of the 'Complaint' that was filed by prosecutor James Muench requesting an indictment from the grand jury[;] (2) "a copy of 'Authorization clearance' given by the Attorney General permitting . . . Muench permission to request an indictment against Jamail James Hogan[;]" (3) "a copy of the indictment[;]" (4) a copy of the grand jury foreman's letter or Certificate of Concurrence [] filed [with] the Clerk of Courts[;]" and (5) "a copy of the Grand Jury Docket Sheet." *Id.*, Ex. C.

By letter of August 20, 2009, EOUSA, having treated the latter letter as a new FOIA request, released "[t]he 8 page indictment . . . in full but for one name of a third party individual." Luczynski Decl. ¶ 22. EOUSA withheld the name under FOIA exemption 7(C), *see* 5 U.S.C. § 552(b), and section (j)(2) of the Privacy Act, 5 U.S.C. § 552a. Luczynski Decl. ¶¶ 17, 20, 22 & Ex. E.[1] EOUSA informed plaintiff that "because you were charged by Indictment, there would not be a complaint filed in your criminal case," and that "the district did not locate an arrest warrant or an affidavit." Ex. E at 1. EOUSA further stated that "there is no 'authorization clearance.' The Grand Jury Foreperson signed the indictment, however, any other Grand Jury Information is exempt." *Id*. at 2. Finally, EOUSA informed plaintiff that he could appeal the determination to the OIP. *Id*.

By letter of September 15, 2009, plaintiff lodged his appeal with OIP, claiming that "[o]ut of everything I requested . . . I only received a copy of my indictment." *Id*., Ex. F at 1. By letter of November 9, 2009, OIP "interpreted" the appeal "as being limited to EOUSA's action on six records . . . (1) your indictment; (2) a criminal complaint; (3) the case docket proceedings; (4) the grand jury docket; (5) an arrest warrant; and (6) an 'authorization clearance' from the Attorney General." OIP affirmed EOUSA's action, and noted that plaintiff had added to his list of requested records "case docket proceedings" that were not "originally request[ed]." *Id*., Ex. H at 1. OIP informed plaintiff that he could not expand the scope of his initial request on appeal and suggested that he submit a new FOIA request for the case docket proceedings. *Id*. Plaintiff filed the instant action on November 20, 2009.

---

[1] In the administrative proceedings, EOUSA also invoked FOIA exemption 3 as a basis for withholding information, *see* Ex. E at 1, but neither the Luczynski declaration nor any other declaration mentions this exemption. Therefore, the Court finds that defendant has waived any reliance upon exemption 3 as a basis for withholding information.

## II. LEGAL STANDARD

Summary judgment is appropriate upon a showing that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated exemptions, *see* 5 U.S.C. § 552(b), and authorizes the Court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail . . .

4

and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Agency affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.' " *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### III. DISCUSSION

Plaintiff does not refute, and therefore has conceded, defendant's otherwise proper justification for redacting from one of the released pages the name of a third-party individual under FOIA exemption 7(C). *See* Luczynski Decl. ¶¶ 17- 21. As to this single withholding, the Court finds that defendant is entitled to judgment as a matter of law.

In his opposition to the pending motion, plaintiff argues that defendant and other non-parties violated 18 U.S.C. § 1623, which is the criminal statute proscribing the making of false statements before a grand jury or court. Pl.'s Mem. of P. & A Opposing the Def.'s Summ. J. Mot. ("Pl.'s Mem.") [ECF No. 13] at 2. Such a claim has nothing to do with an agency's withholding of records and, thus, is beyond the scope of this FOIA action. To the extent that plaintiff is challenging the veracity of the declarants in this action, he has not created a genuine issue by "point[ing] to evidence sufficient to put the Agency's [presumed] good faith into doubt." *Ground Saucer Watch, Inc.*, 692 F.2d at 771.

Plaintiff also challenges the adequacy of defendant's search for responsive records. *See* Pl.'s Mem. at 3. Because an inadequate search for records constitutes an improper

withholding under the FOIA, *see Maydak v. U.S. Dep't. of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003), plaintiff's challenge of the search is properly before the Court.

An agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc. v. Agency for Intern. Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (other citations omitted). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Id.* (citing *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citations omitted). "Once the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena* , 180 F.3d at 326 (citing *Founding Church of Scientology v. Nat'l Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). However, "the [single] fact that a particular document was not found does not demonstrate the inadequacy of a search."

*Boyd v. Crim. Div. of U.S. Dept. of Justice*, 475 F.3d 381, 390 -391 (D.C. Cir. 2007) (citations omitted).

According to Luczynski, EOUSA forwarded plaintiff's request to the Middle District of Florida because each U.S. Attorney's Office maintains the files of the cases it prosecutes. Luczynski Decl. ¶ 12. Plaintiff's criminal case file is "maintained in the Criminal Case File System . . . entitled *United States v. Jamail Hogan*." *Id*. ¶ 13. Luczynski has supplied the declaration of Belinda Brown who, as FOIA coordinator for the U.S. Attorney's Office in the Middle District of Florida, conducted the search for records responsive to plaintiff's request. *See* Brown Decl. [ECF No. 11-10] ¶¶ 1-2.

Brown states that she "retrieved [plaintiff's] criminal docket sheet from LEXIS Courtlink" and searched the Legal Information Office Network System (LIONS), which identified the Tampa office as the location of plaintiff's records. *Id*. ¶ 4. According to Brown, "LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases opened by Assistant U.S. Attorneys . . . and to produce a variety of reports on that information." *Id*. ¶ 4. Brown "physically searched [plaintiff's] criminal case file," for five listed records, and found only the indictment. *Id*. ¶¶ 5-6. She states that "there was no criminal complaint; no authorization clearance . . . ; no letter or certificate of concurrence of the grand jury foreperson; and no grand jury docket sheet." *Id*. ¶ 6.

Plaintiff asserts that he "has submitted proof that an arrest warrant does exist." Pl.'s Mem. at 5. This fact alone does not create a triable issue because an agency is required to produce only those records in its custody and control at the time of the FOIA request.

*McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). However, Brown does not list the arrest warrant – listed by OIP as one of six requested records -- as a record for which she searched. This omission presents a genuine issue about the adequacy of defendant's search. Therefore, the Court will deny defendant's motion on this issue. *See Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003) (" '[I]f a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials, summary judgment is inappropriate.' ") (quoting *Valencia-Lucena*, 180 F.3d at 326) (internal quotation marks and other citation omitted) (alteration in original).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that defendant is entitled to judgment as a matter of law on its uncontested withholding of the name of a third-party individual under FOIA exemption 7(C). The Court further finds that defendant is not entitled to summary judgment on its search for responsive records. Accordingly, defendant's motion for summary judgment will be granted in part and denied in part without prejudice. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ROBERT L. WILKINS
United States District Judge

Date: August 10, 2011